## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | | |
|---|---|---|
| **WALTER JAMES CHIPP,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **vs.** | ) | **CASE NO.: 4:15-cv-00020-WTM-GRS** |
| | ) | |
| **THOMAS STOKES, III, and ILA LOCAL** | ) | |
| **1414,** | ) | |
| | ) | |
| **Defendants** | ) | |

### *DEFENDANTS' JOINT MOTION TO DISMISS & BRIEF IN SUPPORT THEREOF*

COMES NOW DEFENDANTS, INTERNATIONAL LONGSHOREMEN'S ASSOCIATION, LOCAL 1414 (hereinafter "Defendant Union"), and **THOMAS STOKES, III** (hereinafter "Defendant Stokes"), by and through their undersigned counsel, without waiving any applicable defenses, and files this, their *Defendants' Joint Motion to Dismiss & Brief in Support Thereof* in the above-entitled action, and moves this Honorable Court pursuant to Fed. R. Civ. P. Rule 12(b)(1), 12(b)(4), and 12(b)(6) to dismiss Plaintiff's *Complaint* filed against them on the following grounds:

(1) Plaintiff has failed to state a claim upon which relief can be granted;

(2) Plaintiff's claims against Defendants are barred by the six (6) month statute of limitations provided for in Section 10(b) of National Labor Relations Act, 29 U.S.C. §160(b);

(3) Plaintiff's claims against Defendants are barred by the six (6) year statute of limitations provided for by Section 301 of the Labor Management Relations Act, 29 U.S.C. §185, and O.C.G.A. §9-3-24;

(5) Plaintiff failed to exhaust administrative remedies;

(6) Plaintiff's claims for punitive damages are not authorized by the National Labor Relations

Act;

(7) Plaintiff's process is insufficient; and

(8) The court lacks subject matter jurisdiction to hear this claim.

In support of this *Motion*, Defendants submit herewith their *Brief in Support Thereof*:

### *BRIEF IN SUPPORT OF MOTION TO DISMISS*

## I.   **Background**

Plaintiff filed his *Complaint* on January 28, 2015, alleging that Defendants committed unfair labor practices in 1999 in violation of 29 U.S.C. §158.[1] His *Complaint* specifically alleged that he worked 714.5 (Seven Hundred Fourteen and 50/100ths) hours in 1998, that an unnamed business agent for Defendant Union refused to grant him a seniority card because he was not a union member, and that he filed *Charges* with the National Labor Relations Board (hereinafter "NLRB") regarding this issue in 2005 and 2014.[2] On January 28, 2015, Plaintiff filed *Motions* to proceed in forma pauperis and to have the Court appoint him counsel.[3] On March 18, 2015, the Court partially granted Plaintiff's *Motion* to proceed in forma pauperis, ordering that he pay a partial filing fee of One Hundred Fifty ($150.00) Dollars within fourteen (14) days of that order and denied Plaintiff's *Motion* to have counsel appointed.[4] On March 25, 2015, Plaintiff paid the partial filing fee ordered by the Court. On March 26, 2015,

---

[1] *Complaint* (filed Jan. 28, 2015), No. 4:15-cv-00020-WTM-GRS, ECF No. 1; *Civil Cover Sheet* (filed Jan. 28, 2015), No. 4:15-cv-00020-WTM-GRS, ECF No. 1-1.

[2] *Id.*

[3] *Application to Proceed in District Court without Prepaying Fees or Costs* (filed Jan. 28, 2015), No. 4:15-cv-00020-WTM-GRS, ECF No. 2; *Motion to Proceed in forma pauperis and Request to Appoint Counsel* (filed Jan. 28, 2015), No. 4-15-cv-00020-WTM-GRS, ECF No. 3.

[4] *Order* (filed Mar. 18, 2015), No. 4:15-cv-00020-WTM-GRS, ECF No. 4.

Plaintiff mailed a *Notice of a Lawsuit and Request to Waive Service of a Summons* to Defendants. On April 24, 2015, within thirty (30) days of the date the *Notice* was mailed, Defendants timely returned and filed the *Waivers of the Service of Summons*.[5]

## II.  Plaintiff Has Failed to State a Claim Upon which Relief Can Be Granted
### A.  Standard of Review

A *Motion to Dismiss* under Rule 12(b)(6) can be granted only when it can be shown beyond all doubt that the plaintiff cannot prove any set of facts which would entitled him to relief.[6] When ruling on a *Motion to Dismiss*, the Court is to view all claims in the *Complaint* as true.[7] If the action was filed by a pro se plaintiff, then the court is to construe it more liberally than it would formal pleadings drafted by an attorney.[8] The Eleventh (11th) Circuit has held that a Rule 12(b)(6) dismissal "on statute of limitations grounds is appropriate only if it is 'apparent from the face of the complaint' that the claim is time-barred."[9]

### B.  Plaintiff's Claims are Barred by the Statute of Limitations
### 1.  Plaintiff's Unfair Labor Practice Claims are Untimely under the National Labor Relations Act, Section 10(b)

The National Labor Relations Act (hereinafter "NLRA") states that "no complaint shall issue

---

[5] *Waiver of the Service of Summons* (filed Apr. 24, 2015), No. 4:15-cv-00020-WTM-GRS, ECF No. 8; *Waiver of the Service of Summons* (filed Apr. 24, 2015), No. 4:15-cv-00020-WTM-GRS, ECF No. 10.

[6] *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990).

[7] *Id.*

[8] *Id.*

[9] *Bhd. Of Locomotive Eng'rs & Trainmen Gen. Comm. of Adjustment CSX Transp. N. Lines v. CSX Transp.*, 522 F.3d 1190, 1194 (11th Cir. 2008) (quoting *Tello v. Dean Witter Reynolds, Inc.*, 410 F.3d 1275, 1288 (11th Cir. 2005)).

based upon any unfair labor practice occurring more than six (6) months prior to the filing of the charge with the Board and the service of a copy thereof upon the person against whom such charge is made."[10] Unfair labor practices include unions discriminating against, or causing an employer to discriminate against, a bargaining unit member because said bargaining unit member is not a member of the union.[11] For purposes of determining when the Section 10(b) six (6) months begin to run, the courts "look to when plaintiffs either were or should have been aware of the injury itself, not to when plaintiffs became aware of one of the injury's many manifestations."[12]

Plaintiff specifically alleges that he attempted to obtain his "S" Card in 1999. He alleges that when he attempted to obtain his "S" Card in 1999 that an unnamed union business agent asked whether Plaintiff was a union member, to which Plaintiff answered in the negative.[13] Plaintiff alleges that the business agent then asked whether Plaintiff wished to keep working, to which Plaintiff answered in the positive.[14] Plaintiff alleges that the unnamed business agent then told him "don't rock the boat then."[15] He further alleges that the business agent did not give him an "S" Card because he was not a union

---

[10] 29 U.S.C. §160(b) (2015).

[11] 29 U.S.C. §158(b)(2) (2015).

[12] *Benson v. General Motors Corp.*, 716 F.2d 862, 864 (11th Cir. 1983).

[13] *Complaint* (filed Jan. 28, 2015), No. 4:15-cv-00020-WTM-GRS, ECF No. 1, at pg. 4, ¶3. ("In 1999 I went to pension and welfare building they gave me everything but the 'S' card. I went to the hall to get the 'S' card. Went into the business office, told the business agent I wanted my 'S' card. He said' you not in the union I said, no he said, are you working I said yes, he said, do you want to keep working I said yes, don't rock the boat then. Because I was not a union member, he did not give me the card.")

[14] *Id.*

[15] *Id.*

member.[16] On his *Civil Cover Sheet*, Plaintiff also states that the cause of action is an unfair labor practice under 29 U.S.C. §158.[17] Based on those two documents, Plaintiff appears to be alleging that Defendant Union committed an unfair labor practice in 1999 by discriminating against him in violation of 29 U.S.C. §158(b)(2).

On the face of Plaintiff's *Complaint*, the basis of Plaintiff's claims all occurred in 1999. Under 29 U.S.C. §160(b), Plaintiff must have filed an action within six (6) months of becoming aware of the alleged unfair labor practice injury.[18] Plaintiff, by his own admission, became aware of the alleged injury in 1999 when the unnamed business agent allegedly denied him his "S" Card due to not being a union member.[19] Based on Plaintiff's own admission, the six (6) month statute of limitations ran on his unfair labor practices claim in 2000 at the latest. As Plaintiff filed this lawsuit in January 2015, Plaintiff brought this action about fifteen (15) years **after** the unfair labor practices statute of limitations expired. Therefore, Plaintiff's lawsuit is barred on the face of his *Complaint* by the statute of limitations and should be dismissed with prejudice.

Furthermore, Plaintiff alleges he initially filed a *Charge* with the NLRB in 2005 regarding this matter.[20] If the Court were to take the position that Plaintiff was not aware of his injury, and therefore the cause of action did not yet accrue, until he filed his *Charge* with the NLRB in 2005, then the six (6)

---

[16] *Id.*

[17] *Civil Cover Sheet* (filed Jan. 28, 2015), No. 4:15-cv-00020-WTM-GRS, ECF No. 1-1.

[18] *Supra* n. 12.

[19] *Supra* n. 13.

[20] *Complaint* (filed Jan. 28, 2015), No. 4:15-cv-00020-WTM-GRS, ECF No. 1, at pg. 4, ¶3. ("I file a charge with the National Labor Relations board in 2005")

month statute of limitations would have run on Plaintiff's unfair labor practice claims in 2006 at the latest. Under this more liberal reading of when Plaintiff's claim accrued, Plaintiff brought this action about nine (9) years **after** the statute of limitations expired. Therefore, Plaintiff's lawsuit is barred on the face of his *Complaint* by the statute of limitations and should be dismissed with prejudice.

2.  **Plaintiff's Hybrid Unfair Labor Practice and Breach of Contract Claims are Untimely under the National Labor Relations Act, Section 10(b)**

The courts have held that when a plaintiff alleges violations of a collective bargaining agreement and an unfair labor practice arising out of the same facts that the six (6) month statute of limitations found in 29 U.S.C. §160(b) controls.[21] As stated above, Plaintiff alleges violations which occurred in 1999. Plaintiff's lawsuit must have been filed within six (6) months of the alleged unfair labor practice, even if contract violations are also alleged. Plaintiffs' claims would therefore have run in either 2000 or 2006 for the same reasons argued above. As such, Plaintiff's lawsuit is barred by the statute of limitations and should be dismissed with prejudice.

3.  **Plaintiff's Breach of Contract Claims are Untimely under the Labor Management Relations Act, Section 301 and O.C.G.A. §9-3-24**

Lawsuits alleging violations of a collective bargaining agreement are governed by Section 301 of the Labor Management Relations Act, 29 U.S.C. §185. The Labor Management Relations Act (hereinafter "LMRA")  does not contain a federal statute of limitations for alleged contract breaches. However, the courts have held that when a Section 301 violation is alleged, and no unfair labor practice or duty of fair representation violation is alleged, then the statute of limitations of the most analogous

---

[21] *Delcostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151 (1983).

state law applies.[22] The courts have further held that the most analogous state law statute of limitations in Georgia is O.C.G.A. §9-3-24, which controls the statute of limitations to bring an action for a breach of a written contract.[23] Under O.C.G.A. §9-3-24, a lawsuit alleging a violation of a written contract must be filed within six (6) years of the alleged violation.[24]

Plaintiff alleges that Defendant Union, through an unnamed business agent, refused in 1999 to grant him an "S" Card seniority, in violation of the *Savannah Longshoremen's Seniority Plan*.[25] If the court were to disregard Plaintiff's unfair labor practice claims and thereby hold that Plaintiff has asserted only a breach of contract claim under Section 301, then the most analogous state law statute of limitations would apply. As stated, said state law would be Georgia's six (6) year statute of limitations for actions alleging violation of a written contract. Plaintiff knew about the alleged violation in 1999.[26] Under Georgia's six (6) year statute of limitations, Plaintiff had to file his breach of contract lawsuit in 2005 at the latest. As Plaintiff filed this lawsuit in January 2015, nine (9) years **after** the statute of limitations for breach of contract expired, Plaintiff's lawsuit is barred on the face of his *Complaint* by the statute of limitations. Therefore, Plaintiff's lawsuit should be dismissed with prejudice.

Alternatively, if the Court were to take the position that Plaintiff's was not aware of his injury, and therefore the cause of action did not yet accrue, until he filed his *Charge* with the NLRB in 2005,

---

[22] *UAW v. Hoosier Cardinal Corp.*, 383 U.S. 696, 704-705 (1966) ("the timeliness of a § 301 suit, such as the present one, is to be determined, as a matter of federal law, by reference to the appropriate state statute of limitations.").

[23] *Tile, Marble, etc. v. Local 221, Tile, Marble, etc.*, 683 F. Supp. 814, 817 (M.D. Ga. 1988).

[24] O.C.G.A. §9-3-24 (2014) ("All actions upon simple contracts in writing shall be brought within six years ...").

[25] *Complaint* (filed Jan. 28, 2015), No. 4:15-cv-00020-WTM-GRS, ECF No. 1, at pg. 4, ¶3.

[26] *Supra* n. 13.

then the six (6) year statute of limitations ran on Plaintiff's straight Section 301 claims in 2011 at the latest. As Plaintiff filed this lawsuit in January 2015, Plaintiff brought this action about four (4) years **after** the statute of limitations expired based on the more liberal reading of when Plaintiff's claim accrued. Therefore, Plaintiff's lawsuit is barred on the face of his *Complaint* by the statute of limitations and should be dismissed with prejudice.

### C.     Plaintiff Failed to Exhaust His Administrative Remedies

If the NLRB dismisses a *Charge* for insufficient evidence to support the allegations, then the petitioner who filed the *Charge* has fourteen (14) days to file an *Appeal* with the NLRB General Counsel.[27] The Supreme Court has held that when a petitioner's *Charge* is dismissed by an NLRB Regional Director and the petitioner subsequently fails to appeal the decision to the NLRB General Counsel, then the petitioner has failed to exhaust his administrative remedies.[28] If a dismissal by a Regional Director is not appealed, then it becomes the General Counsel's decision to dismiss.[29] The General Counsel's decision to not issue a *Complaint* cannot be reviewed by the courts.[30] When a petitioner fails to exhaust his administrative remedies by appealing a Regional Director's decision to

---

[27] 29 C.F.R. §102.19(a) (2015).

[28] *Local 926, Int'l Union of Operating Eng'rs v. Jones*, 460 U.S. 669, 680 (1983).

[29] *Carver v. Casey*, 669 F. Supp. 412, 418 (S.D. Fla. 1987) ("the regional director's unappealed decision not to issue a complaint became the general counsel's decision.").

[30] 29 U.S.C. §153(d) (2015) ("He shall have final authority, on behalf of the Board, in respect of the investigation of charges and issuance of complaints under section 10 [29 USCS § 160], and in respect of the prosecution of such complaints before the Board"); *Vaca v. Sipes*, 386 U.S. 171, 182 (1967) ("the Board's General Counsel has unreviewable discretion to refuse to institute an unfair labor practice complaint"); *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 139 (1975) ("Congress has delegated to the Office of General Counsel 'on behalf of the Board' the unreviewable authority to determine whether a complaint shall be filed."); *Carver v. Casey*, 669 F. Supp. 412, 418 (S.D. Fla. 1987).

dismiss to the NLRB General Counsel, then that failure prevents the maintenance of an unfair labor practice lawsuit.[31]

Plaintiff alleges that he filed Charges with the NLRB in 2005 and August 2014.[32] In both *Charges*, Plaintiff alleges that he was informed by NLRB both times that he had not worked seven hundred (700) hours out of Defendant Union's Hiring Hall in 1998 but instead through the Brunswick union's Hiring Hall. The NLRB Regional Director refused to issue a *Complaint* on these matters.[33] The Plaintiff was informed of his right to appeal the decisions, and he does not allege that he chose to appeal them to the General Counsel.[34] The Regional Director's unappealed decision to dismiss became binding as if the General Counsel himself dismissed the *Charges*.[35] Because Plaintiff failed to appeal the Regional Director's decisions within the fourteen (14) day time frame provided for by law and in his dismissal letters, he has failed to exhaust his administrative remedies. Therefore, this lawsuit should be dismissed with prejudice.

---

[31] *Meekins, Inc. v. Boire*, 320 F.2d 445, 449-451 (5th Cir. 1963).

[32] *Complaint* (filed Jan. 28, 2015), No. 4:15-cv-00020-WTM-GRS, ECF No. 1, at pg. 4, ¶3. ("I file a charge with the National Labor Relations Board in 2005... I file another charge with the NLRB in August of 2014")

[33] **Ex. 1**, November 22, 2005 *NLRB Decision to Dismiss Letter*; **Ex. 2**, October 14, 2014 *NLRB Decision to Dismiss Letter*.
**Note:**    These letters are matters of public record and may be considered by the court without converting this *Motion* to one for summary judgment. *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1280 (11th Cir. 1999); *Davis v. Williams Communs., Inc.*, 258 F. Supp. 2d 1348, 1352 (N.D. Ga. 2003) ("such documents are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned"); *Truhlar v. John Grace Branch # 825*, 2007 U.S. Dist. LEXIS 23875, 25-26 (N.D. Ill. 2007) (holding that NLRB dismissal letters are matters of public record which a court can take judicial notice of when considering a *Motion to Dismiss*).

[34] *Id.*

[35] *Supra* n.29.

D.      **The NLRA Does Not Authorize Awarding Punitive Damages**

The Southern District of Georgia grants *Motions to Dismiss* for punitive damages claims.[36] The Supreme Court has held that the NLRA does not authorize the award of punitive damages even if an unfair labor practice is found to have occurred.[37] The Court reasoned that because the NLRA has "essentially remedial" functions and because general labor policy disfavors punishment, punitive damages are not authorized.[38]

In his *Complaint*, Plaintiff prays that he be awarded "punitive damages from defendant for the deliberate, willful, malicious and wanton way Local 1414 treated" him.[39] The basis of Plaintiff's claims is alleged unfair labor practices committed by Defendant Union.[40] Unfair labor practices are governed by the NLRA.[41] The Supreme Court has held that punitive damages are not authorized damages under the NLRA.[42] Therefore, Plaintiff's claims for punitive damages should be dismissed with prejudice.

E.      **Plaintiff Fails to Allege a Cause of Action against Defendant Stokes**

Federal Rule of Civil Procedure Rule 8(a)(2) provides that a claim for relief must include "a

---

[36] *Wilder v. Lawson*, 2011 U.S. Dist. LEXIS 93323, 8-9 (S.D. Ga. 2011); *Hajhossein v. City of Statesboro*, 2010 U.S. Dist. LEXIS 12527, 16-18 (S.D. Ga. 2010).

[37] *Int'l B'hood. of Elec. Workers v. Foust*, 442 U.S. 42, 52 (1979); *United B'hood of Carpenters & Joiners v. NLRB*, 365 U.S. 651, 655 (1961);  *Republic Steel Corp. v. NLRB*, 311 U.S. 7, 10-12 (1940).

[38] *Int'l B'hood of Elec. Workers v. Foust*, 442 U.S. 42, 52 (1979).

[39] *Complaint* (filed Jan. 28, 2015), No. 4:15-cv-00020-WTM-GRS, ECF No. 1, at pg. 5.

[40] *Supra* n. 1, 13.

[41] *Supra* n. 11, 10.

[42] *Supra* n. 37.

short and plain statement of the claim showing that the pleader is entitled to relief."[43] When determining whether a complaint complies with Rule 8, the Supreme Court has held that "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[44] Furthermore, a "formulaic recitation of the elements of a cause of action will not do."[45] When providing the grounds for his entitlement to relief, a plaintiff must provide more than mere labels and conclusions.[46] "Factual allegations must be enough to raise a right to relief above the speculative level."[47]

In his *Complaint*, Plaintiff makes allegations regarding Defendant Union and an unnamed business agent. Plaintiff does not, however, make any allegations regarding Defendant Stokes except to state that he is President of Defendant Union and is a resident of Chatham County.[48] Plaintiff does not even make "threadbare recitals of the elements of a cause of action" with regards to Defendant Stokes. Therefore, Plaintiff's claims against Defendant Stokes are insufficient as a matter of law and should be dismissed.

## III.   Plaintiff's Process is Insufficient

Federal Rule of Civil Procedure Rule 12(b)(4) allows the filing of a *Motion to Dismiss* for insufficient process. Plaintiff's *Complaint* is insufficient under the Federal Rules of Civil Procedure

---

[43] Fed. R. Civil Procedure Rule 8(a)(2) (2015).

[44] *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009).

[45] *Id*. The Court further noted that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."

[46] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[47] *Id.*

[48] *Complaint* (filed Jan. 28, 2015), No. 4:15-cv-00020-WTM-GRS, ECF No. 1, at pg. 4, ¶1.

because he fails to comply with Federal Rule of Civil Procedure Rule 11 and Southern District of Georgia Local Rule 4.1(1) and because he fails to consistently identify the Defendant(s) to this action.

### A.      Plaintiff Fails to Comply with the Pleading Rules

Pro se plaintiffs are required to conform to procedural rules. Federal Rule of Civil Procedure Rule 11(a) requires every pleading to be signed. Local Rule 4.1(1) requires that the plaintiff fully complete the civil action cover sheet.

On the fifth page of his *Complaint*, Plaintiff did not sign his *Complaint* as is required by Rule 11(a). On his *Civil Cover Sheet*, Plaintiff, fails to indicate the nature of the suit. Plaintiff's *Complaint* does not conform to the Federal and Local procedural Rules. Therefore, this action should be dismissed.

### B.      Plaintiff is Inconsistent in Identifying Who is a Defendant to this Lawsuit

Defendants are prejudiced because they have not been consistently apprised of who Plaintiff is actually suing in this matter. On the first page of his *Complaint*, Plaintiff styles the case as "Walter James Chipp v. Thomas Stokes III and ILA Local 1414." On the second page of his *Complaint*, Plaintiff fails to allege the names of the Defendant(s) and the required addresses. On third page of his *Complaint* under the Statement of Claim, Plaintiff styles the case as "Walter James Chipp v. Thomas Stokes III President for International Longshoremen's Association Local 1414." On his *Civil Cover Sheet*, Plaintiff styles the case as "Chipp, Walter J. V. III Stokes, Thomas." On the fourth page of his *Complaint* in his Statement of Claim, Plaintiff alleges in the first paragraph

> The Defendant, Thomas Stokes III, President of International Longshoreman's Association, Local 1414, 221 East Lathrop Avenue, Savannah, Georgia, 31405 is a resident of Chatham County, Georgia. Said Defendant is thus subject to the jurisdiction

of this court.[49]

However, Plaintiff does not allege that Defendant Union is subject to the jurisdiction of this court.

Due to the different stylings of the case, and the inadequacy of the actual claims as Plaintiff pleads them, Defendants are not sufficiently apprised of who is actually a party to this action and in what capacities. Defendant Union is only explicitly named as a defendant in one of three stylings. Defendant Stokes is named in all three stylings and the first paragraph of the *Complaint*. However, two of the stylings imply he is being sued in his individual capacity while the other styling and statement of claim imply he is being sued in his official capacity as President of Defendant Union.  Without knowing who Plaintiff actually intends to be a party to this action and in what capacity, Defendants cannot adequately prepare all of their defenses and are therefore prejudiced. As such, this action should be dismissed.

## IV.  <u>The Court Lacks Subject Matter Jurisdiction to Hear this Claim</u>

A motion to dismiss brought pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure may challenge the court's subject matter jurisdiction based on the face of the pleadings or the substantive facts of the case.[50] When addressing allegations that the *Complaint* is facially deficient in pleading subject matter jurisdiction, the court takes all allegations in the *Complaint* as true in order to determine whether the *Complaint* sufficiently alleges a basis for subject matter jurisdiction.[51] The court may dismiss a *Complaint* based on a facial attack only "if it is clear that no relief could be granted under any

---

[49] *Supra* n. 48

[50] *McElmurray v. Consol. Gov't of Augusta-Richmond County*, 501 F.3d 1244, 1251 (11th Cir. 2007).

[51] *Jones Creek Investors, LLC v. Columbia County*, 2013 U.S. Dist. LEXIS 46149, 13 (S.D. Ga 2013).

set of facts that could be proved consistent with the allegations."[52] When addressing allegation that the *Complaint* is factually deficient, the courts are free to weigh evidence.[53] The presumption of truthfulness does not attach to a factual challenge to a court's subject matter jurisdiction.[54]

### A. Plaintiff Fails to Allege Basis for Jurisdiction over Defendants

Federal Rule of Civil Procedure Rule 8(a)(1) provides that a claim for relief must include "a short and plain statement of the grounds for the court's jurisdiction."[55] In his *Complaint* and on his *Civil Cover Sheet*, Plaintiff fails to allege the basis of jurisdiction as is required by Rule 8(a)(1). Specifically, Plaintiff fails to allege the basis for personal jurisdiction and subject matter jurisdiction over Defendant Union. Plaintiff also fails to allege the basis for subject matter jurisdiction over Defendant Stokes. Therefore, this action should be dismissed.

### B. The Court Lacks Subject Matter Jurisdiction Because the NLRB has Exclusive Jurisdiction to Hear Unfair Labor Practice Claims

In *San Diego Bldg. Trades Council v. Garmon*, 359 U.S. 236 (1959) (hereinafter "*Garmon*"), the Supreme Court has held that the NLRB has exclusive jurisdiction to decide unfair labor practices.[56] It reasoned that Congress considered "that centralized administration of specially designed procedures [the NLRB] was necessary to obtain uniform application of its substantive rules and to avoid these diversities and conflicts likely to result from a variety of local procedures and attitudes towards labor

---

[52] *Jackson v. Okaloosa Cnty., Fla.*, 21 F.3d 1531, 1536 n.5 (11th Cir. 1994).

[53] *Supra* n. 47.

[54] *Id.*

[55] Fed. R. Civil Procedure Rule 8(a)(1) (2015).

[56] *San Diego Bldg. Trades Council v. Garmon*, 359 U.S. 236, 242 (1959).

controversies."[57] The Court further held that when particular activity is governed by Sections 7 or 8 of

the NLRA (29 U.S.C. §§157, 158), then the federal and state courts must defer to the exclusive

competence of the NLRB.[58]

 The Supreme Court later held that the NLRB does not have exclusive jurisdiction when a

plaintiff alleges a breach of the duty of fair representation and a breach of a collective bargaining

agreement.[59] The Court reasoned that "the jurisdiction of the courts is no more destroyed by the fact that

the employee, as part and parcel of his §301 action [against an employer], finds it necessary to prove an

unfair labor practice by the union, than it is by the fact that the suit may involve an unfair labor practice

by the employer himself."[60] However, the Court later held in *Amalgamated Ass'n of St., Elec. Ry. &*

*Motor Coach Employees v. Lockridge*, 403 U.S. 274 (1971) (hereinafter "*Lockridge*") that

> [t]he legislative determination that courts are fully competent to resolve labor relations
> disputes through focusing on the terms of a collective-bargaining agreement cannot be
> said to sweep within it the same conclusion with regard to the terms of union-employee
> contracts that are said to be implied in law.[61]

In other words, courts cannot render *Garmon* inapplicable by construing breaches of union-employee

contracts implied in law, such as alleged unfair labor practices for discriminating based on union

membership status, to be breaches of a collective bargaining agreement. Without that employer breach

of a collective bargaining agreement, courts do not have jurisdiction to hear unfair labor practice claims.

---

[57] *Id*. at 242, 243.

[58] *Id*. at 245.

[59] *Vaca v. Sipes*, 386 U.S. 171, 180 (1967)

[60] *Id*. at 186.

[61] *Amalgamated Ass'n of St., Elec. Ry. & Motor Coach Employees v. Lockridge*, 403 U.S. 274, 300 (1971).

In the present matter, Plaintiff only makes allegations that Defendant Union committed an unfair labor practice when an unnamed business agent allegedly denied Plaintiff a seniority card because Plaintiff was not a union member. The alleged violation is solely an alleged unfair labor practice. The allegation that Plaintiff was denied an "S" Card is a result which flowed out of the allegation that Defendant Union discriminated against Plaintiff due to his non-union member status. Any alleged denial of an "S" Card is not an independent breach of contract. Similar to the rationale of *Lockridge*, said alleged violation cannot be construed as a breach of a collective bargaining agreement because it would result in rendering *Garmon* inapplicable. In order for *Garmon* to remain relevant, Plaintiff's claims must be construed solely as an alleged unfair labor practice. Furthermore, Plaintiff makes no allegations that an employer in any way breached a collectively bargaining agreement. Under *Garmon*, without any independent alleged breach of contract, the NLRB has exclusive jurisdiction to hear this matter. Because the NLRB has exclusive jurisdiction over these claims, this court does not have subject matter jurisdiction to hear Plaintiff's claims. Therefore, this action should be dismissed with prejudice.

**V.    Conclusion**

For all the reasons set forth herein, *Defendants' Joint Motion to Dismiss & Brief in Support Thereof* should be granted, and Plaintiff's claims against Defendants should be dismissed with prejudice. Plaintiff's claims were filed years after the NLRA's six (6) month statute of limitations to bring an action for unfair labor practices expired. Plaintiffs' claims were filed years after the LMRA's six (6) year statute of limitations to bring an action for breach of a collective bargaining agreement expired. Plaintiff failed to exhaust his administrative remedies as required by law. Plaintiff's claims for punitive damages are not authorized by the NLRA. Plaintiff failed to allege a cause of action against Defendant Stokes.

**CHIPP v. STOKES and ILA LOCAL 1414**
*__DEFENDANTS' JOINT MOTION TO DISMISS & BRIEF IN SUPPORT THEREOF__*
**CASE NO.: 4:15-cv-00020-WTM-GRS**

Plaintiff's process is insufficient. The court lacks subject matter jurisdiction to hear Plaintiff's claims.

**WHEREFORE**, based upon the facts and applicable law stated herein, Defendants respectfully pray that their *Motion* be granted and that Plaintiff's *Complaint* against them be dismissed with prejudice, with all costs assessed against Plaintiff, and for such other and further relief as this Honorable Court deems just and proper.

This 23rd day of May, 2015.

**BIGNAULT & CARTER**

**BY S/ W. PASCHAL BIGNAULT**
**GA BAR #056862**
**BY S/ DAVIS R. POWELL**
**GA BAR #977768**
**ATTORNEYS FOR DEFENDANTS**

**PARK SOUTH - UNIT F9**
**7505 WATERS AVENUE**
**SAVANNAH, GEORGIA 31406**
**TELEPHONE : (912) 356-0388**
**FACSIMILE  : (912) 356-0399**
**E-MAIL        : WPBIGNAULT.ATTORNEY@COMCAST.NET**
**E-MAIL        : ATTYDAVISRPOWELL@COMCAST.NET**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | | |
|---|---|---|
| **WALTER JAMES CHIPP,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CASE NO.: 4:15-cv-00020-WTM-GRS** |
| | ) | |
| **THOMAS STOKES, III, and ILA LOCAL** | ) | |
| **1414** | ) | |
| | ) | |
| **Defendants.** | ) | |

*CERTIFICATE OF SERVICE*

      This is to certify that I have on this day served all the parties in this case in accordance with the directives from the Court Notice of Electronic Filing ("NEF") which was generated as a result of electronic filing, and via U.S. mail to the following:

Mr. Walter James Chipp
612 Staley Avenue
Apartment D
Savannah, Georgia 31405

      Respectfully submitted this 23rd day of May, 2015.

                         **BIGNAULT & CARTER**

                         **BY S/ W. PASCHAL BIGNAULT**
                         **GA BAR #056862**
                         **BY S/ DAVIS R. POWELL**
                         **GA BAR #977768**
                         **ATTORNEYS FOR DEFENDANTS**

**PARK SOUTH - UNIT F9**
**7505 WATERS AVENUE**
**SAVANNAH, GEORGIA 31406**
**TELEPHONE : (912) 356-0388**
**FACSIMILE  : (912) 356-0399**
**E-MAIL       : WPBIGNAULT.ATTORNEY@COMCAST.NET**
**E-MAIL       : ATTYDAVISRPOWELL@COMCAST.NET**