UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| WALTER JAMES CHIPP, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> THOMAS STOKES III, and ILA LOCAL ) <br> 1414, ) <br> ) <br> Defendants. ) | Case No. CV415-020 |

# ORDER

Defendants have filed a unilateral Rule 26(f) report, stating that no Rule 26(f) conference was held because the plaintiff refused to cooperate. Doc. 33.

Rule 26(f) contemplates that the report be prepared *after* the parties have conferred, and the rule places on the "attorneys of record and all *unrepresented parties* that have appeared in the case" the joint responsibility of arranging the conference and submitting the written report outlining a proposed discovery plan. Fed. R. Civ. P. 26(f)(emphasis added). Unilateral reports from one party are not allowed.

Unless the plaintiff is in state or federal custody,[1] he is required to participate in the Rule 26(f) conference. His refusal to do so may subject him to sanctions, including the dismissal of his case for lack of prosecution. The parties who are prepared to conduct the Rule 26(f) conference and file the report may advise the Court of their inability to do so because of the noncooperating party, but they may not file a unilateral Rule 26(f) report.

Plaintiff is directed to show cause within 14 days from the entry of this Order why his case should not be dismissed for failure to participate in the Rule 26(f) conference or assist in the preparation of a proposed discovery plan. The failure to do so may result in the dismissal of this case.

**SO ORDERED** this 16TH day of July, 2015.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] Pro se prisoner actions are not subject to the Rule 26(f) conference requirement. See Fed. R. Civ. P. 26(f) (exempting cases not subject to the initial disclosure requirements, including pro se prisoner actions per Rule 26(a)(1)(E)(iii)).