# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| WALTER JAMES CHIPP, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CV415-020 |
| THOMAS STOKES III, and ILA LOCAL 1414, | ) ) ) ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

In this employment discrimination and labor relations case, defendants move to dismiss (docs. 16 & 26); stay discovery (doc. 34); and strike *pro se* plaintiff Walter Chipp's response to defendants' amended answer. Doc. 32. In addition to opposing those motions, Chipp moved twice to compel production of documents by defendants (docs. 14 & 41); for entry of default (doc. 18); and to amend his complaint. Doc. 22.[1]

---

[1] Defendants do not oppose Chipp's motion to amend, *see* doc. 26 at 3 n.8, which in any case was filed within the twenty-one day window Fed. R. Civ. P. 15(a) provides for amendment as a matter of course. *See* doc. 22 (filed June 10, 2015, eighteen days after defendants filed their first motion to dismiss under Rule 12(b)). The motion (doc. 22) therefore is **GRANTED**.

# I. BACKGROUND

For almost fifty years, Chipp has worked "on the waterfront" from Miami, Florida, to Bayonne, New Jersey, to San Diego, California and several places in between. Doc. 25 at 3, 5. For the last twenty of those, he's been a longshoreman working out of ILA Local 1414 ("Local") in Savannah, Georgia. Doc. 22 at 7 (began work at the Local on December 11, 1995). In 1998, he "was employed for 714 hours" which, he alleges, entitled him to seniority (and its attendant pension, pay, and insurance benefits) and an "S" card, which would enable him to work on more and better jobs. *Id.* Furthermore, says Chipp (in raw, unedited form):

> In 1999 I went to pension and welfare building they gave me everything but the "S" card. I went to the hall to get the "S" card. Went into the business office, told the business agent I wanted my "S" card. He said you not in union I said, no he said, are you working I said yes, he said, do you want to keep working I said yes, don't rock the boat then. Because I was not a union member he did not give me the card. I file a charge with the National Labor Relations board in 2005, they told me the hall said, I was not working at Local 1414 hall in Savannah in 1998 and I did not work 700 hours in April of 2014 I went to pension and welfare got a printout showing I worked 714.5 hours in 1998. . . . I file another charge with the NLRB in August of 2014 they told me the hall said I did not work at Local 1414 in 1998 and I worked 700 hours in Brunswick which was not true.

*Id.*

Since August 2014, the Local "has refused to provide [Chipp] with requested information regarding the reckoning of the seniority list and refusal to afford [him] an 'S' card." *Id.* And, for the last six months, the Local has bypassed him for referrals (the union term for job assignments) by treating him "as a casual, rather than an 'S' seniority hiring hall user." *Id.*

After fifteen years of getting skipped in line by less senior union members, Chipp filed this action on January 28, 2015. Doc. 1. He claims that the Local's "S" card denial, and subsequent referrals based on lower seniority statuses, violated the National Labor Relations Act (NLRA) (29 U.S.C. §§ 158); the Age Discrimination in Employment Act (ADEA) (29 U.S.C. §§ 621-34); and Title VII (42 U.S.C. §§ 2000e-2 & e-3).[2] Doc. 1-1; doc. 22 at 2. Defendants moved to dismiss, arguing that Chipp (1) filed suit well outside the application limitations periods (doc. 26 at 5-13); (2) failed to exhaust his administrative remedies (*id.* at 13); (3) fails to state

---

[2] Chipp's initial complaint cited only 29 U.S.C. § 158 as the statute "under which you are filing." Doc. 1-1. By the time he moved to amend (doc. 22), that changed. Now, he purports to assert claims under the ADEA and Title VII, but not the NLRA. *See id.* at 2. Nevertheless, given his *pro se* status, the Court, as defendants do in their motion to dismiss (doc. 26), addresses the viability of all three claims based on the facts Chipp alleges.

a claim for relief (*id.* at 17); and (4) the Court lacks subject matter jurisdiction to consider Chipp's NLRA claim. *Id.* at 20.

## II. ANALYSIS

Chipp's well-pled factual allegations fail to state ADEA or Title VII claims for relief[3] and he failed to exhaust administrative remedies available to redress his NLRA complaint. Both failures ineluctably lead to the same end point -- dismissal of claims.

### A. ADEA and Title VII

Chipp alleges that over the past year he has missed out on choice referral opportunities because the Local unlawfully denied him an "S" card in 1999. *See* doc. 22 at 7. When he originally asked why the Local denied him an "S" card, their "business agent" told Chipp not to "rock the boat." *Id.* And when he complained to the NLRB in 2005 and 2014, the Local told the Board that he belonged to the Brunswick union chapter, not the Local. *Id.*

Nowhere in his filings does Chipp even obliquely mention age, race, or any other suspect classification as a motivator for denying his "S"

---

[3] A complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). In other words, "[it] must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

4

card.[4] At best, he intimates that the Local discriminated against him because he was a member of the Brunswick, Georgia union chapter, not the Local. *See* doc. 22 at 7; doc. 25 at 5 ("I was not a member of [the Local in Savannah]. I am a traveler. The one group within construction trades that is probably most discriminated against is travelers."); *id.* at 4 ("When I earned 700 hours in the port of Savannah I was a member of ILA Local 1423, in Brunswick, Georgia."). But union chapter is not "race, color, religion, sex, or national origin," 42 U.S.C. § 2000e-2(a)(1), or "age". 29 U.S.C. § 623(a)(1). Both Chipp's ADEA and Title VII claims therefore must fail.

### B. NLRA

Chipp's NLRA claim also fails because he did not exhaust his administrative remedies before the National Labor Relations Board (NLRB). Before challenging an unfair labor practice in court, a person must first file a charge with an NLRB Regional Director. *See* 29 C.F.R. § 102.9. If, as happened twice to Chipp (docs. 17-1 & 17-2), the director dismisses a charge, the petitioner then has fourteen days to appeal to the

---

[4] The ADEA prohibits employment discrimination based on age. See 29 U.S.C. § 623(a). Title VII does the same for race, color, religion, sex, or national origin" discrimination. 42 U.S.C. § 2000e-2(a).

NLRB General Counsel. 29 C.F.R. § 102.19(a). A failure to appeal is a failure to exhaust, and a failure to exhaust is a fatal flaw. *See Local 926, Int'l Union of Operating Eng'rs, AFL-CIO v. Jones*, 460 U.S. 669, 680 (1983) (petitioner before the NLRB "did not exhaust his administrative remedies, for he did not appeal to the General Counsel"); *Meekins, Inc. v. Boire*, 320 F.2d 445, 449-51 (5th Cir. 1963) ("No reason appears why [NLRA] plaintiffs should be relieved from 'the long settled rule of judicial administration that no one is entitled to judicial relief for a supposed or a threatened injury until the prescribed administrative remedy has been exhausted.'") (quoting *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 50, 51 (1938)).

Chipp filed charges with the NLRB in 2005 and 2014. *See* doc. 22 at 7. Both were denied. *See* doc. 17-1 at 2 (2005 denial letter); doc. 17-2 at 2 (2014 denial letter). The denial letters informed him of his right to appeal, yet he never alleges that he did so or presents any documents indicating that he appealed. Instead, he jumped straight from the regional director's denial to suit in federal court. That failure to appeal prevents this Court from hearing Chipp's NLRA claim. *See Meekins*, 320 F.2d at 449-51.

## III. CONCLUSION

Chipp's motion to amend (doc. 22) is **GRANTED**. Regardless, Chipp's claims all fail as a matter of law. Defendants' motion to dismiss (doc. 26) thus should be **GRANTED** and Chipp's complaint **DISMISSED**. Doc. 22. All remaining motions (docs. 14, 16, 18, 32, 34, and 41) should be **DENIED** as moot.

**SO REPORTED AND RECOMMENDED,** this 5th day of August, 2015.

*[signature]*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA